Jeffrey S. Grider, Esq. (SBN 100826)
450 Exchange, Suite 100
Irvine, California 92602
Tel: (714) 972-4272
Fax: (303) 323-6608

Attorneys for West Coast Escrow Company

# UNITED STATES BANRUPTCY COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In Re:<br>Patricia Villanueva | Case No.: 13-05541-LT7<br><br>**DECLARATION OF JEFFREY S. GRIDER IN OPPOSITION TO MOTION TO REOPEN BANKRUPTCY CASE** |

I, Jeffrey S. Grider, declare under the penalty of perjury under the laws of the State of California as follows:

1.  I am an attorney at law duly licensed to practice in all of the courts in the State of California and am counsel of record for West Coast Escrow Company ("WCE") in the State Court action entitled *West Coast Escrow Company v. United Realty & Loans, Inc, et al.*, San Diego Superior Court Case No. 37-2014-00003316-CL-MC-MC(the "Action"). I make this Declaration in Opposition to the Debtor's Motion to Reopen the above-captioned Bankruptcy Case. The following facts are known to me of my own personal knowledge and if called as a witness I could and would testify competently thereto.

2.  The Action for Conversion, Unjust Enrichment and Declaratory Relief named United Realty & Loans ("URL") and its principal, Patricia Villanueva, as defendants and sought recovery of approximately $16,000 that was erroneously paid to URL instead of the party to

1

**DECLARATION OF JEFFREY S. GRIDER IN OPPOSITION TO MOTION TO REOPEN**

1  whom it was owed. At the time of filing the Action, I had no knowledge of any bankruptcy actions by either of the defendants. Had I had such notice, I would not have included Ms. Villanueva as a defendant.

3.  I was out of my office on March 12-14, 2014, as I was undergoing medical procedures. When I returned to my office the week of March 17, 2014, I received a letter from McMillan Law Group, advising of a bankruptcy action and discharge of Ms. Villanueva that had occurred in 2013. I spoke with an attorney Alan Shepard from the McMillan Law Group on or about March 18, 2014 and requested that he email to me the details and documentation regarding the bankruptcy. Mr. Shepard called me again a day or two later and stated that his email had not gone through. He had apparently written down the wrong email address, and therefore, I corrected him and shortly thereafter I received his email.

4.  Having received the documentation, I conducted an investigation within West Coast Escrow to ascertain whether any notice had been received by the Company of a Bankruptcy case or Discharge Order with respect to Ms. Villanueva. The service documents that Mr. Shepard provided indicated that the documents were served by U.S. Mail on an outlying branch office of WCE in Wildomar, California. I checked with the employees located in the Wildomar office and determined that no one recalled receiving the documents – if they had received them, they would have forwarded them immediately to their manager and/or WCE's legal department. I also checked with responsible management and legal personnel within WCE, and determined that no one had received or had knowledge of the bankruptcy or discharge. Notice of the bankruptcy and discharge would have been much more effective if it had been served on WCE's corporate offices, principal place of business, or agent for service of process.

5.  Nevertheless, after I reviewed the documents forwarded by Mr. Shepard, I agreed to dismiss the action against Ms. Villanueva with prejudice. In all of my communications with Mr. Shepard, I made it clear that after I investigated, I would dismiss his client from the action if it was merited. I never "declined" or refused to dismiss the action. The Request for Dismissal with Prejudice was sent out for filing on March 31, 2014, but the filing was not accomplished that day because, unbeknownst to me, the Court was closed for Cesar Chavez Day. The Dismissal was

resubmitted for filing on April 2, 2014, and the Dismissal was entered by the Court on that date. I emailed Mr. Shepard a copy of the Dismissal on April 2, 2014. The next day, I received his Notice of the instant Motion to Reopen the Case, which Motion is now moot and unnecessary because Ms. Villanueva has been dismissed with prejudice, without having to respond to the Action. There is no need to reopen the bankruptcy case under these circumstances, and to do so would cause an unnecessary waste of judicial resources.

I declare under penalty of perjury under the laws of the state of California that the foregoing is true and correct.

Executed this 18th day of April, 2014, at Irvine, California.

_____
Jeffrey S. Grider

3

**DECLARATION OF JEFFREY S. GRIDER IN OPPOSITION TO MOTION TO REOPEN**